# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER SCOTT RIDER, | Case No. 1:18-cv-00208-SKO (PC) |
| Plaintiff, | **FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S REQUEST TO PROCEED *IN FORMA PAUPERIS*** |
| v. | |
| SHERMAN, et al., | **(Docs. 2, 8, 9, 10)** |
| Defendants. | **TWENTY-ONE (21) DAY DEADLINE** |
| | **CLERK'S OFFICE TO ASSIGN DISTRICT JUDGE** |

**I.      INTRODUCTION**

Plaintiff, Christopher Scott Rider, is a state prisoner proceeding *pro se* in this civil action under 28 U.S.C. § 13423(a) and 42 U.S.C. § 1983, which he filed on February 9, 2018. Plaintiff filed two applications to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (Docs. 2, 8.) Plaintiff's applications should be **DENIED** since Plaintiff has three strikes under § 1915 and his allegations fail to show that he is in imminent danger of serious physical injury.

**II.     THREE-STRIKES PROVISION OF 28 U.S.C. § 1915**

28 U.S.C. § 1915 governs proceedings *in forma pauperis*. "In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

## III. DISCUSSION

The Court may take judicial notice of court records. *United States v. Howard*, 381 F.3d 873, 876 n.1 (9th Cir. 2004). Here, judicial notice is taken of Plaintiff's four prior lawsuits: (1) *Rider v. Hernandez, et al.*, CAED No. 1:07-cv-01862-LJO-SMS, dismissed for failure to state a claim on February 22, 2008; (2) *Rider v. Storey*, CASD No. 3:09-cv-01979-JM-POR, dismissed for failure to state a claim on October 22, 2009; and (3) *Rider v. Carter, et al.*, CASD No. 3:09-cv-02316-L-WMC, dismissed for failure to state a claim on December 4, 2009. These actions were dismissed several years before Plaintiff filed the present action on February 9, 2018. Thus, Plaintiff is subject to 28 U.S.C. § 1915(g) and is precluded from proceeding *in forma pauperis* in this action unless at the time the Complaint was filed, he was under imminent danger of serious physical injury.

The Court has reviewed Plaintiff's Complaint in this action and finds that he does not meet the imminent danger exception. *See Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007). Plaintiff alleges that on March 12, 2017, he was served food from carts that were smeared with fecal matter. Plaintiff alleges the fecal matter was of human origin. (Doc. 1, p. 4.) The exhibits to the Complaint, however, reveal that an investigation proved it to be aviary fecal matter from birds sitting on the sprinkler pipe and beams of the awning where food was staged before loading into trucks for delivery to housing units. (*Id.*, pp. 9-10.) This situation was remedied by the installation of "Bird Spikes" along the sprinkler pipe, lights, and the beams to prevent birds from landing and nesting under the awning. (*Id.*) The procedures were also changed to keep the food carts inside the kitchen until it was time to load them in the cart for delivery. (*Id.*) Although the circumstances of which Plaintiff complains in this action are not desirable, Plaintiff's allegations do not show that they caused him to be in imminent danger of serious physical injury when he filed this action on February 9, 2018.

Plaintiff responded to an order to show cause (Doc. 9) on this issue by contending that food contamination occurs frequently at the Substance Abuse Treatment Facility ("SATF"). (Doc. 10.) Plaintiff states that SATF has known, but has done nothing about the birds perching

on bars under the awning on the back dock area before the incidents alleged in this action, and that inmates frequently put fecal matter in the food being served since "mainline inmates to do not like there (sic) food being prepared by SNY inmates and viseversa (sic)." (*Id.*)

Whether prison staff was aware of a condition that might allow aviary droppings to land on food carts and boxes, does not provide any basis to find that bird droppings contaminated food which was then distributed to inmates with any frequency, so as to establish an ongoing danger. Plaintiff's contention that inmates serving food are known to place fecal matter in food served to other inmates is distinguishable from the facts here as inmates placing fecal matter in the food served is *not* part of the allegations that Plaintiff makes in this action. Conversely, Plaintiff specifically alleges that the inmate porters did not want to unload the food containers with feces on them from the delivery truck or serve it to the housing unit, indicated their refusal, and only unloaded and served the contaminated food after subsequent direct orders. (Doc. 1, p. 4.) Neither of Plaintiff's arguments shows that the incident involving aviary fecal matter on the food carts and boxes raised in this action qualifies as an ongoing danger to meet the imminence prong of the three-strikes exception. *See Williams v. Paramo*, 775 F.3d 1182, 1190 (9th Cir. 2015); *Andrews v. Cervantes*, 493 F.3d 1047, 1056-57 (9th Cir. 2007). Thus, Plaintiff is precluded from proceeding *in forma pauperis* in this action. *Andrews*, 493 F.3d at 1056-57. This case should be dismissed without prejudice to refiling upon prepayment of the filing fee.

**IV.    CONCLUSION and RECOMMENDATION**

Based on the foregoing, it is HEREBY RECOMMENDED that Plaintiff's motions to proceed *in forma pauperis*, filed on February 9, 2018, (Doc. 2), and February 26, 2018, (Doc. 8), be denied and that this action be dismissed without prejudice to refiling upon prepayment of the filing fee.

The Clerk's Office is directed to assign a district judge to this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **twenty-one (21) days** of the date of service of these Findings and Recommendations, Plaintiff

3

may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff's failure to file objections within the specified time may result in the waiver of his rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **March 19, 2018**　　　　　　　　　　　/s/ *Sheila K. Oberto*
　　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE