# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER SCOTT RIDER,<br><br>        Plaintiff,<br><br>    v.<br><br>SHERMAN, et al.,<br><br>        Defendants. | Case No. 1:18-cv-00208-LJO-SKO (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO REVOKE PLAINTIFF'S *IN FORMA PAUPERIS* STATUS**<br><br>**(Docs. 2, 8, 9, 10)**<br><br>**TWENTY-ONE (21) DAY DEADLINE** |

## I. INTRODUCTION

Plaintiff is a prisoner proceeding *pro se* pursuant to 42 U.S.C. § 1983 and has requested leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Because Plaintiff incurred three strikes prior to filing this action, on March 20, 2018, findings and recommendations issued to deny Plaintiff's motions to proceed *in forma pauperis*. However, in his objections, Plaintiff stated that the conditions of which he complains in this action were not isolated, and that similar conditions occur with some frequency at the Substance Abuse Treatment Facility ("SATF"), in Corcoran, California. (Doc. 12.) This was accepted to meet the ongoing imminent danger exception to section 1915 and Plaintiff's *in forma pauperis* application was granted. (Doc. 13, citing *Andrews v. Cervantes*, 493 F.3d 1047, 1056-57 (9th Cir. 2007).)

In reviewing the Complaint for screening, however, the Court has determined that the imminent danger exception to section 1915 does not apply because Plaintiff was not housed at SATF when he filed this action. Thus, the Court recommends that Plaintiff's *in forma pauperis* status be revoked and this action be dismissed without prejudice to refiling upon prepayment of the filing fee.

1

## II. THREE-STRIKES PROVISION OF 28 U.S.C. § 1915

28 U.S.C. § 1915 governs proceedings *in forma pauperis*. "In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

## III. DISCUSSION

The Court may take judicial notice of court records. *United States v. Howard*, 381 F.3d 873, 876 n.1 (9th Cir. 2004). Here, judicial notice is taken of three of Plaintiff's prior lawsuits: (1) *Rider v. Hernandez, et al.*, CAED No. 1:07-cv-01862-LJO-SMS, dismissed for failure to state a claim on February 22, 2008; (2) *Rider v. Storey*, CASD No. 3:09-cv-01979-JM-POR, dismissed for failure to state a claim on October 22, 2009; and (3) *Rider v. Carter, et al.*, CASD No. 3:09-cv-02316-L-WMC, dismissed for failure to state a claim on December 4, 2009. These actions were dismissed several years before Plaintiff filed the present action on February 9, 2018. Thus, Plaintiff is subject to 28 U.S.C. § 1915(g) and is precluded from proceeding *in forma pauperis* in this action unless, at the time the Complaint was filed, he was under imminent danger of serious physical injury.

The circumstances Plaintiff alleges, being served food contaminated with fecal matter from the staging area for food before it is loaded into delivery trucks, which occurs with some frequency, (Docs. 1, 12), would satisfy the "ongoing danger" exception to the PLRA for *in forma pauperis* purposes. *See Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007). However, when Plaintiff filed this action, he was housed at R.J. Donovan R.J. Donovan Correctional Facility at Rock Mountain ("RJD") in San Diego, California. (*See* Doc. 1, p. 1.) The Complaint contains allegations regarding incidents that occurred at SATF. Plaintiff does not state any allegations of similar wrongdoing at RJD and was not in imminent danger of serious physical injury at the time he filed suit. *Andrews v. Cervantes*, 493 F.3d 1047, 1056-57 (9th Cir. 2007). Thus, Plaintiff is precluded from proceeding *in forma pauperis*, and it is recommended that this

action be dismissed without prejudice to refiling upon prepayment of the filing fee.

IV. **CONCLUSION and RECOMMENDATION**

Based on the foregoing, it is HEREBY RECOMMENDED that Plaintiff's *in forma pauperis* status be revoked and this action be dismissed without prejudice to refiling upon prepayment of the filing fee.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **twenty-one (21) days** of the date of service of these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff's failure to file objections within the specified time may result in the waiver of his rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **May 8, 2018**            /s/ *Sheila K. Oberto*
                                  UNITED STATES MAGISTRATE JUDGE